IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-102-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RASON LAMAR SPARKMAN | ) | |

This cause comes before the Court on defendant's motion for extension of time, claim for exemptions, and motions for return of property. The government has responded and the matters are ripe for ruling.

## BACKGROUND

Defendant, Sparkman, was sentenced on January 17, 2013, to 115 months' imprisonment after pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Sparkman was further ordered to pay restitution in the amount of $7,132.52 and a $200.00 special assessment. Sparkman's judgment further provided that restitution and the special assessment were due to be paid in full immediately, and that if the amounts due were not paid immediately they could be paid through the Inmate Financial Responsibility Program administered by the Bureau of Prisons, and any balance still due after Sparkman's release would be paid in installments of $50 per month. [DE 42]. No order of forfeiture was entered.

On July 27, 2017, the Court granted in part Sparkman's motion for return of property. The Court allowed most of Sparkman's personal property held by the Fayetteville Police Department to be returned to him but denied Sparkman's request that currency in the amount of $651.53 be returned. The Court ordered that defendant or his authorized designee had thirty days to retrieve the personal property, which included clothing, a wallet, an NC ID card, a bank

card, and a cell phone, and that after the thirty-day period the Fayetteville Police Department could dispose of any property which had not been retrieved, excluding the currency. [DE 68].

In the instant motions, Sparkman seeks return of the currency to help him pay court fines. Specifically, Sparkman contends that although he has agreed to pay $25.00 per quarter while incarcerated, he did not agree to forfeit $651.53 that was seized after Sparkman's arrest and is being held by the Fayetteville Police Department. Sparkman contends that he is disabled and cannot work in prison, that he can prove that he withdrew $690.00 from his bank account in August 2011, and that the money held by the Fayetteville Police Department did not come from any crimes or victims in this case. Sparkman further requests a hearing for criminal exemption and for an extension of time to complete an exemption form. Sparkman also asks that his personal property be sent to him as he does not have any family who can retrieve his property from the Fayetteville Police Department.

## DISCUSSION

Rule 41 of the Federal Rules of Criminal Procedure provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion is properly denied if a defendant is not entitled to the property. *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008)).

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, mandated that restitution be ordered in this case. An order of restitution is a lien in favor of the government on all property and rights to property of the person subject to the order of restitution. 18 U.S.C. § 3613(c). The lien arises on entry of the judgment and continues for twenty years or until the restitution is satisfied or otherwise terminated. *Id.* "[A] valid restitution order . . . gives the government a

2

sufficient cognizable claim of ownership to defeat a defendant's [] motion for return of property, if that property is needed to satisfy the terms of the restitution order." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993); *see also Lawson v. United States*, No. CIV. AW-09-1778, 2010 WL 152046, at *1 (D. Md. Jan. 13, 2010); *United States v. Smith*, No. CIV.A. 1:05CV0175, 2007 WL 3475759, at *4 (S.D.W. Va. Nov. 13, 2007). Accordingly, in light of the restitution order, the government's interest in the $651.53 in currency defeats Sparkman's request for return of the property.

Sparkman's claim for exemption also fails. There are nine categories of property exemptions which a defendant may claim, none of which Sparkman has indicated or demonstrated are applicable here. 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334. Although Sparkman contends in his filings that he is disabled, only service-connected disability payments – payments for disability which was incurred or aggravated in the line of duty in active military, naval, or air service – are subject to exemption. 38 U.S.C. § 101(16). Sparkman does not contend that the currency at issue represents a service-connected disability payment.

Finally, the Court allows Sparkman an additional forty-five (45) days to make arrangements for the retrieval of his other personal property, including clothing, a cell phone, and bank and identification cards, from the Fayetteville Police Department.

## CONCLUSION

For these reasons, defendant's motions for return of property [DE 72 & 74] are DENIED. Defendant's request for hearing and motion for extension of time [DE 70] are DENIED AS MOOT.

Defendant shall have an additional forty-five (45) days to make arrangements for the retrieval of his other personal property, including clothing, a cell phone, and bank and identification cards, from the Fayetteville Police Department.

SO ORDERED, this 12 day of October, 2017.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE